IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| TYRESE BRYANT, Individually and on, Behalf of All Others Similarly Situated,   Plaintiffs, | ) ) ) ) | |
| | ) | CIVIL ACTION FILE |
| | ) | NO. 3:22-cv-65-CAR |
| v. | ) ) | |
| JAMES SEAFOOD, LLC, and THEHUNG VIET NGO   Defendants. | ) ) ) ) | |

## RESPONSE TO MOTION TO REMOVE INCORRECT DEFENDANT

Just because Plaintiff *could have* also sued Mr. Ngo's younger brother, that doesn't mean that Mr. Ngo is an improper defendant. In his Motion to Remove Incorrect Defendant, Defendant Thehung Viet Ngo ("Mr. Ngo") challenges neither the service nor the judgment against him. Instead, Mr. Ngo claims that his brother, as sole *legal* owner of Defendant James Seafood, LLC, is the proper defendant in this case and accordingly all claims against Mr. Ngo should be dismissed. Mr. Ngo's Motion should be denied because he was properly served and because Mr. Ngo is Plaintiff's employer under the FLSA.

### I.   INTRODUCTION

Plaintiff filed this lawsuit on June 15, 2022, alleging that Defendants violated the FLSA by failing to pay him an overtime premium for the hours he worked over

Page 1 of 13
Tyrese Bryant, et al. v. James Seafood, LLC, et al
U.S.D.C. (M.D. Ga.) No. 3:22-cv-65-CAR
Response to Motion to Remove Incorrect Defendant

forty in a week. ECF No. 1. Plaintiff also alleged that Mr. Ngo "is a principal, director, officer, and/or owner" of Defendant James Seafood, LLC, and that he "took an active role in operating James Seafood and in the management thereof" by "exercis[ing] supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determin[ing] his work schedule and ma[king] decisions regarding Plaintiff's pay or lack thereof." *Id*. at ¶ 11–13.

Mr. Ngo was properly served on July 13, 2022, via valid substitute service on Mr. Ngo's wife. ECF No. 10. Mr. Ngo does not dispute that service was proper and valid. Mot. to Remove Incorrect Def., ECF No. 26. Mr. Ngo affirmatively decided to not respond to Plaintiff's Complaint. Plaintiff sought and this Court granted default judgment on March 15, 2023 (ECF No. 15), and Plaintiff later proceeded with the garnishment of which Mr. Ngo complains in his Motion. Following the issuance of the writ of garnishment, Mr. Ngo now claims that the Complaint was improperly filed against him because his brother, who has a similar name, is the sole legal owner of James Seafood, LLC, and is therefore solely liable for any failure to comply with the FLSA in the payment of Plaintiff's wages. Mr. Ngo's Motion is legally misguided because he falls within the definition of "employer under the FLSA" even though he's not the legal owner of James Seafood, LLC.

Page 2 of 13
**Tyrese Bryant, et al. v. James Seafood, LLC, et al**
U.S.D.C. (M.D. Ga.) No. 3:22-cv-65-CAR
**Response to Motion to Remove Incorrect Defendant**

## II.    LEGAL STANDARD

Mr. Ngo does not assert a legal premise under which the Court may remove him as a Defendant here, but a court may set aside a default judgment pursuant to Rule 55(c), which permits the setting aside of "a final default judgment under to Rule 60(b)." Rule 60(b) provides grounds for courts to overturn a final judgment, only two of which may be applied here: "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).

In determining whether a party's failure to meet a deadline constitutes "excusable neglect," courts examine "all relevant circumstances surrounding the party's omission," including "the danger of prejudice to [the opposing party], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Chege v. Ga. Dep't of Juvenile Justice*, 787 F. App'x 595, 598 (11th Cir. 2019) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). To overturn the judgment due to "mistake, inadvertence, or excusable neglect," the defaulting party must show that "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Yhb Mgmt. Corp. v. Fountain*

Page 3 of 13
**Tyrese Bryant, et al. v. James Seafood, LLC, et al**
**U.S.D.C. (M.D. Ga.) No. 3:22-cv-65-CAR**
**Response to Motion to Remove Incorrect Defendant**

*Bleau Capital, LLC*, No. 4:21-CV-191 (CDL), 2022 U.S. Dist. LEXIS 179843, at *2 (M.D. Ga. Sep. 30, 2022) (quoting *Coniglio v. Bank of Am., NA*, 638 F. App'x 972, 974-75 (11th Cir. 2016)).

As a general rule, default judgments are not favored by the law, as "our legal system was established to allow litigants to have their claims heard on the merits by either a judge or jury." *Principal Life Ins. Co. v. Gorsche*, 733 F. Supp. 2d 1077, 1080 (S.D. Iowa 2010). This aspiration of the courts to hear claims on the merits helps explain the focus on a meritorious defense as a factor relevant to whether setting aside a default judgment is appropriate. "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Id.* at 1081 (citing *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994)). The inquiry should focus on whether there is some possibility that the outcome at trial would be contrary to the result achieved by the default. *Id*.

### III.   ARGUMENT

Mr. Ngo cannot meet his burden to show "mistake, inadvertence, or excusable neglect" in failing to respond to Plaintiff's Complaint. Mr. Ngo has not presented a meritorious defense that could have affected the outcome of this case, setting aside

Page 4 of 13
Tyrese Bryant, et al. v. James Seafood, LLC, et al
U.S.D.C. (M.D. Ga.) No. 3:22-cv-65-CAR
Response to Motion to Remove Incorrect Defendant

the default judgment would result in substantial prejudice to Plaintiff, and Mr. Ngo has not presented a good reason for failing to respond to Plaintiff's Complaint.

### A. Mr. Ngo does not have a meritorious defense that might have affected the outcome.

The FLSA defines "employer" broadly as including "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Whether an individual fits this definition turns not on 'technical or isolated factors but rather on the circumstances of the whole activity.'" *Spears v. Bay Inn & Suites Foley, LLC*, No. 22-13376, 2024 U.S. App. LEXIS 15002, at *5–6 (11th Cir. June 20, 2024) (quoting *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008)).

Mr. Ngo claims that he cannot be Plaintiff's employer because he does not own James Seafood, LLC, "[b]ut ownership is not dispositive for individual liability under the Act." *Id.* at *6 (citing *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313 (11th Cir. 2013). "Although owners and corporate officers are more susceptible to personal liability because they are more likely to exercise operational control, the broad definition of an employer under the Act does not limit individual liability to officers and owners." *Id.* at *6 (citing *Alvarez Perez*, 515 F.3d at 1160).

To be an employer under the FLSA, a manager "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the

Page 5 of 13
Tyrese Bryant, et al. v. James Seafood, LLC, et al
U.S.D.C. (M.D. Ga.) No. 3:22-cv-65-CAR
Response to Motion to Remove Incorrect Defendant

employee." *Id*. (quoting *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986)). This involvement includes "control over 'significant aspects of the company's day-to-day functions, including the compensation of employees or other matters in relation to an employee" and "regular visits to the company's facilities, the power to determine employee salaries, involvement in the business operations of the company, or control over the company's purse strings." Id. at *6–7 (quoting *Lamonica*, 711 F.3d at 1314; citing *Alvarez Perez*, 515 F.3d at 1160–62). "A supervisor's control must be substantial and related to the company's obligations under the Act." Id. at *7 (citing *Lamonica*, 711 F.3d at 1314).

Moreover, the FLSA's expansive definition of "employer" contemplates that an employee may have multiple employers, all of whom are jointly and severally liable for FLSA violations. *Mulugeta v. Tas of Atlanta, LLC*, No. 1:17-CV-03583-LMM, 2019 U.S. Dist. LEXIS 229618, at *5 (N.D. Ga. May 28, 2019) ("Given the FLSA's expansive definition of 'employment,' a worker can be 'economically dependent on, and thus jointly employed by, more than one entity at the same time.' …Joint employers are…responsible for complying with the FLSA."). The Eleventh Circuit has provided the following factors to determine whether an employer is a joint employer under the FLSA:

> (1) the nature and degree or control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the power to determine the pay rates or the methods of payment of the workers; (4) the right,

Page 6 of 13
**Tyrese Bryant, et al. v. James Seafood, LLC, et al**
U.S.D.C. (M.D. Ga.) No. 3:22-cv-65-CAR
Response to Motion to Remove Incorrect Defendant

>directly or indirectly, to hire, fire, or modify the employment conditions of the workers; (5) preparation of payroll and the payment of wages; (6) ownership of facilities where work occurred; (7) performance of a specialty job integral to the business; and (8) investment in equipment and facilities.

*Freeman v. Key Largo Volunteer Fire & Rescue Dep't Inc.*, 494 F. App'x 940, 943 (11th Cir. 2012) (citing *Layton v. DHL Express (USA), Inc.*, 686 F.3d 1172, 1176 (11th Cir. 2012)).

Notably, when evaluating these factors, "the Court must not compare employment relationships to determine whether a worker is 'more economically dependent' on one potential employer versus another in order to exclude one." *Mulugeta*, 2019 U.S. Dist. LEXIS 229618, at *7 (quoting *Antenor v. D & S Farms*, 88 F.3d 925, 932 (11th Cir. 1996)). Additionally, "'no one factor is dispositive' and 'the existence of a joint employment relationship depends on the economic reality of all the circumstances.'" *Id*. (quoting *Antenor*, 88 F.3d at 932). Further, because these factors are indicative of economic dependence, "the Court must weigh each factor according to 'the light it sheds on the [employee's] economic dependence on the alleged employer[.]'" *Id*. (quoting *Antenor*, 88 F.3d at 932). "[B]ecause economic dependence is the 'dominant factor' to be considered, an absence of evidence on any subset—or even a majority—of the factors does not preclude a finding of a joint employment relationship, which is 'not determined by a mathematical formula.'" Id. (quoting *Antenor*, 88 F.3d at 932). And finally, the

Page 7 of 13
**Tyrese Bryant, et al. v. James Seafood, LLC, et al**
U.S.D.C. (M.D. Ga.) No. 3:22-cv-65-CAR
**Response to Motion to Remove Incorrect Defendant**

FLSA's humanitarian and remedial purpose dictates that the Court must construe it broadly and not permit common-law concepts of employment to "cloud the analysis of joint employment under the FLSA." *Id*. at *7–8 (citing *Antenor*, 88 F.3d at 932).

Mr. Ngo's supervision and management of Plaintiff's employment meets the definition of "employer" under the FLSA. Plaintiff worked at two separate restaurants owned and operated by James Seafood, LLC, one of which was primarily managed by Mr. Ngo. Decl. of Tyrese Bryant ("Decl. Bryant") ¶ 5, attached as Ex. 1. Even though Mr. Ngo was primarily responsible for one restaurant, he and his brother, Thekiet Viet Ngo, shared operational control of both restaurants. *Id*. at ¶ 4–5. Mr. Ngo hired Plaintiff, managed Plaintiff's employment decisions regarding hiring other employees, managed Plaintiff's time worked by setting his schedule at both restaurants and regularly instructing Plaintiff to not use the restaurants' automated time-keeping system, and managed Plaintiff's pay by divvying up Plaintiff's hours worked between the two restaurants to ensure it appeared as though Plaintiff never worked more than forty hours per week at either location. *Id*. at ¶ 6–11. Mr. Ngo's shared operational control over James Seafood, LLC, qualifies him as a joint employer with Thekiet Viet Ngo under the FLSA. Plaintiff was clearly economically dependent on Mr. Ngo because Mr. Ngo set Plaintiff's schedule, improperly parsed his pay between the two restaurants, and instructed Plaintiff whether to clock in or not.

Page 8 of 13
**Tyrese Bryant, et al. v. James Seafood, LLC, et al**
U.S.D.C. (M.D. Ga.) No. 3:22-cv-65-CAR
**Response to Motion to Remove Incorrect Defendant**

Because Mr. Ngo is Plaintiff's employer under the FLSA, even if Plaintiff had named Thekiet Viet Ngo in his Complaint, Mr. Ngo would have been held jointly and severally liable for Plaintiff's claims. Accordingly, Mr. Ngo does not have a meritorious defense that would have affected the outcome of this case.

### B. Defendant has not met his burden to demonstrate "excusable neglect" warranting reversal of the default judgment.

"In determining excusable neglect, the first two [*Pioneer*] factors (prejudice to the nonmoving party and impact on judicial proceedings) are the primary factors." *White v. Hiers*, No. 1:13-cv-2404-SCJ, 2014 U.S. Dist. LEXIS 198731, at *9 (N.D. Ga. Oct. 22, 2014) (citing *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir.1996)). With respect to prejudice, "the inquiry is whether prejudice results from the *delay*, not from having to continue to litigate the case." *Jones v. Ala., Military Dep't*, No. 2:15-CV-564-WKW, 2016 U.S. Dist. LEXIS 130993, at *5 (M.D. Ala. Sep. 26, 2016) (quoting *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009)).

Plaintiff's last day of employment with Mr. Ngo and James Seafood, LLC, was over two years ago, and the bulk of his time of employment was almost five years ago. Plaintiff preserved his claims two years ago by filing his Complaint. Since this case was filed, any records of Plaintiff's employment, including paystubs and time records, may have been destroyed or "left somewhere" where they cannot be

Page 9 of 13
Tyrese Bryant, et al. v. James Seafood, LLC, et al
U.S.D.C. (M.D. Ga.) No. 3:22-cv-65-CAR
Response to Motion to Remove Incorrect Defendant

found (as happened to Mr. Ngo's Summons). Without question, Plaintiff's best recollection of his hours worked and pay received, on which he will be required to rely in the absence of actual records from Defendants, will have deteriorated over the years, even after taking steps to preserve his memory to pursue his claims. Should the Court set aside the default judgment and proceed to a trial on the merits, the trial will proceed over three years from when Plaintiff filed his Complaint. See *Valdez v. Feltman (In re Worldwide Web Sys.)*, 328 F.3d 1291, 1297 (11th Cir. 2003) (finding prejudice to the plaintiff when a remand to trial would cause the trial to proceed over three years from the filing of the complaint).

Aside from the destruction or loss of evidence, Plaintiff has expended significant time and resources in pursuing her claims, including executing proper service against Mr. Ngo, seeking a default judgment, and pursuing garnishment accordingly. Should the Court set aside the default judgment, Plaintiff will suffer extreme prejudice in the form of lost evidence and lost effort. This analysis likewise applies to the "[e]qually important" consideration of the "impact on 'efficient judicial administration.'" *Jones v. Ala., Military Dep't*, No. 2:15-CV-564-WKW, 2016 U.S. Dist. LEXIS 130993, at *6 (M.D. Ala. Sep. 26, 2016) (quoting *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)). As detailed in Section A, *supra*, Mr. Ngo does not have meritorious defense; setting aside the

Page 10 of 13
Tyrese Bryant, et al. v. James Seafood, LLC, et al
U.S.D.C. (M.D. Ga.) No. 3:22-cv-65-CAR
Response to Motion to Remove Incorrect Defendant

default judgment to proceed to trial would simply be an exercise in futility and a waste of judicial resources.

Finally, Mr. Ngo has not provided a good reason for failing to respond to Plaintiff's Complaint. "The longer a defendant—even a foreign defendant—delays in responding to a complaint, the more compelling the reason it must provide for its inaction when it seeks to set aside a default judgment." *Loucks v. Smith*, No. 2:12cv304-WHA, 2014 U.S. Dist. LEXIS 114938, at *16 (M.D. Ala. Aug. 19, 2014) (quoting *Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 935 (11th Cir. 2007)). Mr. Ngo's reason for failing to respond to the Complaint is far from compelling. Mr. Ngo was properly served via substitute service on his wife on July 11, 2022. ECF No. 10. Mr. Ngo claims that he was "away from home for two weeks" at that time, and that his wife "left it somewhere." Mr. Ngo was in possession of the Complaint for two years following his two-week stint away from home; his wife's "forg[etting] to give it back to [Mr. Ngo] when [he] got home" is insufficient to meet the excusable neglect standard.

### C. Conclusion

Based on the foregoing, this Court should deny Defendants' Motion to Remove Incorrect Defendant. Mr. Ngo is a correct Defendant: he was Plaintiff's employer under the FLSA. Just because Plaintiff could have also sued Mr. Ngo's younger brother, that doesn't mean that Mr. Ngo is an improper defendant.

Page 11 of 13
**Tyrese Bryant, et al. v. James Seafood, LLC, et al**
**U.S.D.C. (M.D. Ga.) No. 3:22-cv-65-CAR**
**Response to Motion to Remove Incorrect Defendant**

Accordingly, Mr. Ngo does not have a meritorious defense that would change the outcome of the default judgment at trial. Further, the extreme prejudice to Plaintiff caused by Mr. Ngo's delay in responding to his Complaint, the waste of judicial resources in proceeding to a trial, and the lack of good cause for the delay all weigh in favor of upholding the default judgment against Mr. Ngo and James Seafood, LLC.

Respectfully submitted,

**TYRESE BRYANT, PLAINTIFF**

LEGARE, ATTWOOD & WOLFE, LLC
125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

Marissa R. Torgerson
Ga. Bar No. 848356
mrtorgerson@law-llc.com
*LOCAL COUNSEL FOR PLAINTIFF*

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
*LEAD COUNSEL FOR PLAINTIFF*

Page 12 of 13
**Tyrese Bryant, et al. v. James Seafood, LLC, et al**
U.S.D.C. (M.D. Ga.) No. 3:22-cv-65-CAR
**Response to Motion to Remove Incorrect Defendant**

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that on July 24, 2024, a true and correct copy of the above and foregoing document has been served through the Court's CM/ECF system which will send electronic notification to all counsel of record.

*/s/ Josh Sanford*
**Josh Sanford**

Page 13 of 13
**Tyrese Bryant, et al. v. James Seafood, LLC, et al**
**U.S.D.C. (M.D. Ga.) No. 3:22-cv-65-CAR**
**Response to Motion to Remove Incorrect Defendant**