## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

|  |  |
|---|---|
| TYRESE BRYANT, *individually and on behalf of all others similarly situated*,<br><br>     *Plaintiff*,<br><br>v.<br><br>JAMES SEAFOOD LLC and THEHUNG VIET NGO,<br><br>     *Defendants*. | CIVIL ACTION NO.<br>**3:22-cv-00065-TES** |

## ORDER

Before the Court is Defendant Thehung Viet Ngo's Motion to Remove Incorrect Defendant [Doc. 26]. Regarding that motion, the Court held a hearing in Athens, Georgia, on July 31, 2024, at which Defendant, Plaintiff Tyrese Bryant, and Defendant's brother, Thekiet ("James") Viet Ngo, were present.

Following service of Plaintiff's Complaint [Doc. 1] on Defendant, which seeks recovery for violations of overtime provisions under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Plaintiff moved for default judgment against Defendant and a restaurant by the name of James Seafood LLC ("James Seafood") that used to be based in Watkinsville, Georgia. [Doc. 10]; [Doc. 11]. The Court granted Plaintiff's Motion for Default Judgment [Doc. 11] and entered Default Judgment [Doc.

15] on March 15, 2023. *See* [Doc. 14]. Soon after, a Writ of Garnishment [Doc. 17] was issued, and Defendant's bank account held at Bank of America, N.A., was garnished. *See* [Doc. 21].

The basis of Defendant's motion is that Plaintiff sued and served the wrong Ngo brother. Defendant "firmly believe[s] that all deviations have come from" the confusion between which Ngo brother is the correct one to sue for FLSA violations in connection with employment at James Seafood. [Doc. 26, p. 1]. Generally speaking, Defendant's position is a simple one: that he has "no affiliation whatsoever with James Seafood . . . ." [*Id.* at p. 2]. It is, in fact, according to Defendant's motion, his brother, Thekiet Viet Ngo—James Ngo—that owns James Seafood and was Plaintiff's employer. [*Id.*].

In light of the fact that Defendant appeared on behalf of himself pro se, the Court **CONSTRUES** his motion as a motion to set aside default judgment pursuant to Federal Rule of Civil Procedure 55(c), which permits the Court to "set aside a final default judgment under [Federal] Rule [of Civil Procedure] 60(b)." Fed. R. Civ. P. 55(c). Relief from a judgment is allowed due to:

> (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence" which could not have been discovered earlier "with reasonable diligence"; (3) fraud, misrepresentation, or an adverse party's misconduct; (4) a void judgment; (5) satisfaction, release, or discharge, or the prior judgment's reversal or vacatur, or it would not be equitable to apply the judgment prospectively; or (6) "any other reason that justifies relief."

Fed. R. Civ. P. 60(b).

To be clear, during the Court's hearing, James Ngo testified that he and he alone owned James Seafood at the time of the alleged FLSA violations. In Response [Doc. 28] to Defendant's motion, Plaintiff argued that Defendant still meets the FLSA's broad definition of the term "employer" even though he is not the legal owner of the restaurant. [Doc. 28, p. 2]. Under the FLSA, "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). To get to the bottom of this inquiry and to determine whether Defendant is the proper defendant for this FLSA action, the Court held the above-mentioned hearing. With reference to the many considerations looked at in the Eleventh Circuit to determine whether an individual qualifies as an employer under the FLSA, the Court asked Defendant and his brother several questions. *See Spears v. Bay Inn & Suites Foley, LLC,* 105 F.4th 1315, 1319 (11th Cir. 2024).

To be deemed an employer under the FLSA, a supervisor "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* (citing *Patel v. Wargo,* 803 F.2d 632, 638 (11th Cir. 1986)). Such involvement and responsibility includes "control over 'significant aspects of the company's day-to-day functions, including compensation of employees or other matters in relation to an employee.'" *Id.* (quoting *Lamonica v. Safe Hurricane Shutters, Inc.,* 711 F.3d 1299, 1313 (11th Cir. 2013)). Also, "[i]nvolvement in the day-to-day operations of a company can include regular visits to the company's facilities, the

3

power to determine employee salaries, involvement in the business operations of the company, or control over the company's purse strings." *Id.* (quoting *Lamonica*, 711 F.3d at 1314). Ever mindful that Defendant's control over Plaintiff "must be substantial and related to [James Seafood's] obligations under the [FLSA]," *id.*, the Court asked whether Defendant owned any part of the restaurant, if Defendant had the ability to hire and fire its employees, if Defendant ever set the work schedule for its employees, if Defendant ever disciplined or reprimanded its employees, whether Defendant and his brother would confer about its operations, and many others. To each of the Court's questions, the answer was "No."

At bottom, the Court's discussions with the Ngo brothers taken together with Plaintiff's questions asked to them during the hearing, show that Defendant does nothing for James Seafood—other than eat there. Thus, Defendant was not Plaintiff's employer as defined under the FLSA. Near the conclusion of the hearing, after Plaintiff had his opportunity to present his testimonial evidence, his attorney even stated that he no longer felt comfortable pursuing this FLSA action against Defendant. Accordingly, based on what is a clear "mistake" in this case and "other reason[s] that justif[y] relief," the Court **GRANTS** Defendant Thehung Viet Ngo's Motion to Remove Incorrect Defendant [Doc. 26] and **VACATES** its Order [Doc. 14] granting default judgment as well as the subsequent Default Judgment [Doc. 15] entered against him on March 15, 2023. Fed. R. Civ. P. 60(b)(1) & (6).

The Writ of Garnishment [Doc. 17] issued on May 20, 2024, and served on June 7, 2024, is **DISSOLVED**. *See* [Doc. 19]. The Court **ORDERS** Garnishee Bank of America, N.A., to immediately release the sums garnished as a result of the now-vacated Default Judgment against Thehung Viet Ngo. *See* [Doc. 21]. Finally, the Court **DISMISSES** Plaintiff's claims alleged against Defendant Thehung Viet Ngo in the Complaint **without prejudice** and **DIRECTS** the Clerk of Court to **ENTER** Judgment in his favor and **TERMINATE** him from this case.

   **SO ORDERED**, this 1st day of August, 2024.

TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT