IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TYRESE BRYANT, Individually and on, Behalf of All Others Similarly Situated, Plaintiffs, <br><br> v. <br><br> THEKIET VIET NGO a/k/a JAMES NGO Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION FILE NO. 3:22-cv-65-TES |

## FIRST AMENDED AND SUBSTITUTED COMPLAINT—COLLECTIVE ACTION

Plaintiff Tyrese Bryant ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for his First Amended and Substituted Complaint—Collective Action ("Complaint") against Defendant Thekiet Viet Ngo a/k/a James Nego ("Defendant"), states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2.  Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper compensation under the FLSA.

3.  The purpose of this amendment is to remove corporate Defendant James Seafood LLC and replace individual Defendant Thehung Viet Ngo with Thekiet Viet Ngo.

## II.   JURISDICTION AND VENUE

4.  The United States District Court for the Middle District of Georgia has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.  The acts complained of herein were committed and had their principal effect against Plaintiff within the Athens Division of the Middle District of Georgia; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6.  Plaintiff is an individual and resident of Clarke County.

7.  Defendant is an individual and resident of the State of Georgia.

## IV.   FACTUAL ALLEGATIONS

8.  Defendant is a principal, director, officer, and/or owner of several companies that own and operate seafood restaurants.

9. Upon information and belief, the names of these restaurant companies include James Seafood LLC and Georgia Seafood 6AE, LLC.

10. Both James Seafood LLC ("James Seafood")[1] and Georgia Seafood 6AE, LLC ("Georgia Seafood"),[2] are listed as "dissolved" on the Georgia Secretary of State Website.

11. As the principal, director, officer, and/or owner of the restaurant companies, Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as food and beverage products.

12. Defendant had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

13. Defendant took an active role in the management of Plaintiff's employment.

---

[1] James Seafood was dissolved on September 8, 2023, after the filing of the Original Complaint in this case.
[2] Georgia Seafood was dissolved on September 30, 2021.

14. Upon information and belief, the revenue generated from the restaurant operated under Georgia Seafood was merged and managed in a unified manner with the revenue generated from the restaurant operated under James Seafood.

15. Under the umbrellas of Georgia Seafood and James Seafood, Defendant shared employees such as Plaintiff.

16. At the direction of Defendant, Plaintiff sometimes worked at both the Georgia Seafood restaurant and the James Seafood restaurant in a single week.

17. Plaintiff regularly used instrumentalities of interstate commerce such as the telephone and the internet in carrying out his job duties, as well as to communicate with Defendant regarding his job duties and work schedule.

18. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

19. At all times material herein, Plaintiff has been classified by Defendant as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

20. Defendant paid Plaintiff an hourly wage.

21. Defendant employed Plaintiff as an hourly-paid Cook and Manager from July of 2019 until March of 2020, and from August of 2021 until April of 2022.

22. Defendant also employed other hourly-paid employees within the three years preceding the filing of this Complaint.

23. At all relevant times herein, Defendant directly hired Plaintiff and other hourly employees to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24. Plaintiff regularly worked over forty hours in a week.

25. Upon information and belief, other hourly employees also regularly or occasionally worked over forty hours in a week.

26. Plaintiff was given a separate paycheck for hours worked at each of Defendant's locations.

27. Defendant recorded Plaintiff's hours at each of the locations separately, so that even when Plaintiff's total hours exceeded 40, each check separately indicated Plaintiff had worked less than 40 hours.

28. Upon information and belief, other hourly employees regularly or occasionally split their time between Defendant's two locations and received two separate paychecks which artificially kept their hours below forty in some weeks, even when their total hours exceeded 40.

29. When Plaintiff's hours at a single location exceeded 40 in a week, it was Defendant's regular practice to artificially move Plaintiff's hours to the other location so that it appeared on the face of the paystubs as if he had not worked hours over 40 at either location.

30. Upon information and belief, Defendant also artificially manipulated other hourly employees' time so that it appeared that they had not worked over 40 hours in a week at either location even when they had in fact worked over 40 hours.

31. Defendant did not pay Plaintiff or other hourly employees 1.5x their hourly rate for all hours worked over 40 each week.

32. Plaintiff regularly worked hours which went uncompensated.

33. Defendant occasionally instructed Plaintiff not to clock in for his shift.

34. Defendant knew or should have known that Plaintiff worked hours which went uncompensated.

35. Upon information and belief, in some weeks Plaintiff worked so many hours off the clock that his constructive hourly rate fell below the statutory minimum wage.

36. The work that Plaintiff and other hourly employees performed was all or almost all completed on Defendant's premises.

37. Defendant set the work schedule for Plaintiff and other hourly employees.

38. Defendant knew or should have known that Plaintiff and other hourly employees worked over 40 hours in at least some weeks.

39. Defendant required Plaintiff to drive between locations to pick up and drop off supplies.

40. Defendant sporadically reimbursed Plaintiff for mileage, but did not base the reimbursement on actual miles driven and the reimbursement was not sufficient to cover all of Plaintiff's expenses.

41. Because Defendant failed to reimburse Plaintiff for the expenses incurred on Defendant's behalf, Plaintiff therefore "kicked back" that amount to Defendant, creating additional overtime violations. See 29 C.F.R. § 531.35.

42. At all relevant times herein, Defendant has deprived Plaintiff and other hourly employees of sufficient minimum wage and overtime compensation for all hours worked over 40 each week.

43. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V.     REPRESENTATIVE ACTION ALLEGATIONS

44. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.   Overtime premiums for all hours worked over forty in any week;

B.   Liquidated damages; and

C.   Attorney's fees and costs.

45. Plaintiff proposes the following collective under the FLSA:

**All hourly employees who worked over 40 hours
in any week within the past three years.**

46. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

47. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

48. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were paid hourly;

    B.    They worked hours over forty in at least one week within the three years preceding the filing of this lawsuit;

    C.    Their hours were split (either in reality or artificially) between Defendant's two locations;

    D.    They were subject to Defendant's common policy of failing to pay an overtime premium for hours worked over forty each week.

49. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds ten persons.

50. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

51. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

52. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violations)

53. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

54. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

56. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

57. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

58. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

59. Defendant knew or should have known that its actions violated the FLSA.

60. Defendant's conduct and practices, as described above, were willful.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

62. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

64. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

65. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

66. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

67. Defendant misclassified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

68. Defendant failed to pay Plaintiff and similarly situated employees a sufficient overtime premium for hours worked over forty each week

69. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

70. Defendant knew or should have known that its actions violated the FLSA.

71. Defendant's conduct and practices, as described above, were willful.

72. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

73. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

74. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tyrese Bryant, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.  Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.  Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.  Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D.  Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E.  An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**TYRESE BRYANT, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

LEGARE, ATTWOOD & WOLFE, LLC
125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

Marissa R. Torgerson
Ga. Bar No. 848356
mtorgerson@law-llc.com
*LOCAL COUNSEL FOR PLAINTIFF*

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
ecfnotices@sanfordlawfirm.com
*LEAD COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

I, Josh Sanford, do hereby certify that on August 6, 2024, a true and correct copy of the above and foregoing document has been served through the Court's CM/ECF system which will send electronic notification to all counsel of record.

*/s/ Sean Short*
**Sean Short**
