UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TYRESE BRYANT, INDIVIDUALLY AND ON, BEHALF OF ALL OTHER SIMILARLY SITUATED,<br><br>PLAINTIFFS,<br>V.<br><br>THEKIET VIET NGO A/K/A JAMES NGO,<br><br>DEFENDANT. | CIVIL ACTION FILE NO. 3:22-cv-65-TES |

## ANSWER AND DEFENSES

Thekiet Viet Ngo, also known as James Ngo, ("Defendant"), files this Answer in response to the First Amended and Substituted Complaint – Collective Action ("Complaint") filed by Tyrese Bryant ("Plaintiff") responds to the individually-numbered paragraphs of Plaintiff's Complaint as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred because Defendant is an individual and not an enterprise engaged in interstate commerce or in the production of goods for interstate commerce pursuant to under FLSA, 29 U.S.C. § 203.

1

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant are barred because Plaintiff was not engaged in interstate commerce or in the production of goods for interstate commerce under FLSA, 29 U.S.C. § 203 while working under Defendant's companies.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant, individually, are barred to the extent Defendant is protected from liability while operating under the corporate entities (Georgia Seafood 6AE, LLC and James Seafood LLC), and Plaintiff has not pierced the corporate veil to impute liability upon Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims under the FLSA are barred to the extent he was considered an exempt employee for any portion of his employment.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims under the FLSA are barred because he was paid all wages due under the FLSA.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that he seeks damages beyond the applicable limitations period because Defendant did not act in willful violation of the FLSA.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims under the FLSA are barred because he cannot establish that any acts or omissions of Defendant were willful under the FLSA.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims under the FLSA are barred to the extent that he submits false or inaccurate time reports. In such situations, Plaintiff's claim would be barred in whole or in part by the doctrines of estoppels and unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim under the FLSA is barred to the extent that the hours he claimed to work were not authorized, and Defendant having notice of the lack of authorization.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any recovery by Plaintiff should be limited to the extent that he failed to mitigate any of the damages alleged in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

The purported cause of action stated in Plaintiff's Complaint, and some or all relief prayed for, are barred by the doctrines of setoff, recoupment, and ratification.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that Defendant's actions have been

taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations, and interpretations of the FLSA within the meaning of 29 U.S.C. §§ 206, 207, and 215(a)(3).

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant's actions have been in good faith and based upon reasonable grounds for believing that such actions were not in violation of the FLSA, within the meaning of 29 U.S.C. § 260. Therefore, even if Defendant should be found to have violated the FLSA, Plaintiff is not entitled to liquidated damages under the FLSA.

## FIFTEENTH AFFIRMATIVE DEFENSE

Even if the allegations contained in the Complaint are true (which they are not), to the extent that the time for which Plaintiff alleges that he has not been compensated involve only insubstantial or insignificant periods of time, these periods of time are "*de minimis*" and are not compensable under the FLSA.

## SIXTEENTH AFFIRMATIVE DEFENSE

Since the Complaint is phrased in conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, Defendant reserves the right to assert additional defenses or counterclaims in this action.

## ANSWER

Defendant responds to the individually-numbered paragraphs of Plaintiff's

Complaint as follows:

## I. PRELIMINARY STATEMENTS

1. Admitted to the extent Plaintiff is filing a collective action for unpaid overtime wages under the FLSA seeking damages, attorney's fees, and other relief under the FLSA. Defendant denies the remaining allegations in Paragraph 1 of the Complaint, and specifically denies any liability under the FLSA.

2. Admitted to the extent Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and reasonable attorney's fees and costs. Defendant denies the remaining allegations in Paragraph 2, and specifically denies any liability under the FLSA.

3. Admitted.

## II. JURISDICTION AND VENUE

4. Paragraph 3 requires no response from Defendant given that it merely contains a statement/argument of law. To the extent this paragraph contains any factual allegations, the same are hereby denied.

5. Paragraph 4 requires no response from Defendant given that it merely contains a statement/argument of law with regards to venue. To the extent this paragraph contains any factual allegations, the same are hereby denied.

## III. PARTIES

6. Defendant is without information or knowledge sufficient to form a

belief as to the truth of the remaining allegation in paragraph 6 of the Complaint and therefore deny same.

7. Admitted.

### IV. FACTUAL ALLEGATIONS

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied.

12. Denied as stated.

13. Admitted to the extent when Plaintiff was employed as a line cook, but denied for the period of time Plaintiff was employed as a manager.

14. Denied.

15. Denied as stated.

16. Denied as stated. Further responding, Defendant asserts that it was Plaintiff's choice to work at both restaurants in a single week.

17. Denied.

18. This paragraph requires no response from Defendant given that it merely contains a statement/argument of law. To the extent this paragraph contains any factual allegations, the same are hereby denied.

19. Denied as stated.

20. Admitted.

21. Denied as stated.

22. Admitted.

23. Denied as stated.

24. Denied.

25. Denied as stated.

26. Admitted.

27. Denied.

28. Denied as stated.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Admitted.

37. Admitted to the extent it was the period when Defendant took over the operations of the two subject businesses. Defendant was not involved in the restaurants' operations prior to 2020 or the initial hiring of Plaintiff.

38. Admitted to the extent Plaintiff and the other hourly employees properly reported their hours.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## V. REPRESENTATIVE ACTION ALLEGATIONS

44. Defendant admits that Plaintiff brings an action on behalf of all persons similarly situated and employed by Defendant under the FLSA. Defendant denies that such persons are entitled to overtime payments, liquidated damages, attorney's fees and costs, and any other alleged damages as set forth in subparagraphs A through C.

45. Defendant states that the allegations of the Plaintiff's Complaint speak for themselves.

46. Defendant states that the allegations of the Plaintiff's Complaint speak for themselves.

47. This paragraph requires no response from Defendant given that it merely contains a statement/argument of law. To the extent this paragraph contains any factual allegations, the same are hereby denied.

48. This paragraph and its subparagraphs A through D require no response from Defendant given that it merely contains a statement/argument of law. To the extent this paragraph contains any factual allegations, the same are hereby denied.

49. Denied.

50. Denied. Further responding, Defendant states that there are no similarly situated employees / members of the collective.

51. Denied. Further responding, Defendant states that there are no similarly situated employees / members of the collective.

52. Denied. Further responding, Defendant states that there are no similarly situated employees / members of the collective.

## VI.  FIRST CLAIM FOR RELIEF
### (INDIVIDUAL CLAIM FOR FLSA VIOLATIONS)

53. Admitted to the extent Plaintiff is seeking damages and declaratory relief under the FLSA. Defendant denies the remaining allegations in Paragraph 53 of the Complaint, and specifically denies any liability under the FLSA.

54. Denied.

55. This paragraph requires no response from Defendant given that it merely contains a statement/argument of law. To the extent this paragraph contains any factual allegations, the same are hereby denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

### VII.  SECOND CLAIM FOR RELIEF
### (COLLECTIVE ACTION CLAIM FOR FLSA VIOLATION)

64. Admitted to the extent Plaintiff is seeking damages and declaratory relief on behalf of all situated employees under the FLSA. Defendant denies the remaining allegations in Paragraph 64 of the Complaint, and specifically denies any liability under the FLSA.

65. This paragraph requires no response from Defendant given that it merely contains a statement/argument of law. To the extent this paragraph contains any factual allegations, the same are hereby denied.

66. This paragraph requires no response from Defendant given that it merely contains a statement/argument of law. To the extent this paragraph contains any factual allegations, the same are hereby denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## VIII. Prayer for Relief

Defendant denies each and every allegation not specifically admitted above. Defendant denies the allegations contained in Plaintiff's prayer for relief and specifically denies that Plaintiff is entitled to any of the relief requested in the Complaint.

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests that Plaintiff takes nothing by his Complaint, that such be dismissed with prejudice, that the Plaintiff be ordered to pay all of the Defendant's costs and fees, and that Defendant be awarded such other and proper relief as the Court deems appropriate.

Respectfully submitted this 9th day of September, 2024.

**Nguyen Tran Law Firm, LLC**

*/s/ Douglas D. Nguyen*
Douglas Nguyen
Georgia Bar No. 943190
dougnguyen@nt-law.com

3100 Five Forks Trickum Rd.
Suite 301
Lilburn, GA 30047
Tel: (770) 837-3785
Fax: (678) 306-3429
*Counsel for Defendant Thekiet Viet Ngo*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Answer and Defenses** was prepared using 14 point Times New Roman font, and that on September 9, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF electronic filing system for the Northern District of Georgia, and served on the following:

Sean Short, Esq.
Sanford Law Firm
E-mail: sean@sanfordlawfirm.com

Respectfully submitted this 9th day of September, 2024.

*/s/ Douglas D. Nguyen*
Douglas D. Nguyen
Georgia Bar Number 943190