**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA ATHENS DIVISION**

**TYRESE BRYANT**, Individually and on, Behalf of All Others Similarly Situated,

***Plaintiff,***

v.

**THEKIET VIET NGO**, also known as JAMES NGO

***Defendant.***

CIVIL ACTION NO. 3:22-cv-00065-TES

**~~PROPOSED~~ PRETRIAL ORDER - ~~JURY~~** Bench Trial TES

The following constitutes a pretrial order entered in the above-styled case after conference with counsel for the parties:

(1) (a) The name, address, and telephone number of all attorneys who personally appeared at pretrial and who will conduct the trial are as follows:

Plaintiff: Sean Short, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, Telephone: 501-904-1650.

Defendant: Douglas D. Nguyen, Nguyen Tran Law Firm, LLC, 3100 Five Forks Trickum Road, Suite 301, Lilburn, Georgia 30047, Telephone: 770-837-3785; 678-978-1485

Other: ______________________________

(b) The name, address, and telephone number of all nonparty

persons including attorneys who have a fixed or contingent financial interest in this case are as follows: Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas, Telephone: 501-221=0088; Morgan & Morgan, 20 N Orange Ave Suite 1600, Orlando, Florida 32801, Telephone: 407-420-1414; Legare, Attwood, Ragan, LLC; Decatur Town Center Two, 125 Clairemont Avenue, Suite 515, Decatur, Georgia 30030, Telephone: 470-823-4000.

(2) (a) Companion cases pending in this and other federal or state courts are: None.

(b) Possible derivative claims not now the subject of pending litigation: None.

(3) The estimated time required for trial is 1-2 days.

(4) The parties agree that the court has jurisdiction of the parties and the subject matter under 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

(5) The jury will be qualified as to relationship with the following:

(a) Plaintiff: N/A.

(b) Defendant: N/A.

(6) All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery except for good

cause shown. The parties, however, shall be permitted by agreement to take the depositions of any person(s) for the preservation of evidence or for use at trial.

(7)   Unless otherwise noted, the names of the parties as shown in the caption to this order are correct and complete, and there is no question by any party as to the misjoinder or nonjoinder of any parties.

(8)   The following is the plaintiff's brief and succinct outline of the case and contentions: Plaintiff Tyrese Bryant brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., alleging that Defendant Thekiet Viet Ngo a/k/a James Ngo willfully violated the FLSA's overtime provisions.

Plaintiff worked for Defendant as an hourly employee from July 2019 to March 2020, and again from August 2021 to April 2022. Plaintiff was initially hired as a cook but was later promoted to a managerial position. His job duties included opening and closing the restaurant, preparing food, overseeing operations, hiring and firing staff, and ensuring the restaurant's readiness for service. Despite his title, Plaintiff was paid hourly and remained non-exempt under the FLSA.

Plaintiff estimates that he regularly worked 50 to 60 hours per week. Defendant never applied or discussed an overtime rate, and Plaintiff received no additional compensation—cash or otherwise—for his overtime hours. Plaintiff made multiple verbal complaints to Defendant regarding unpaid overtime, including in-person and phone conversations with Mr. Ngo, but his concerns were

ignored.

After beginning work exclusively at James Seafood, LLC, Plaintiff was asked to begin picking up shifts at Georgia Seafood 6AE, LLC, also owned and operated by Defendant. From that point forward, Plaintiff worked at both locations, but his total hours remained unchanged—still 50 to 60 per week. However, Defendant began splitting Plaintiff's compensation between the two entities and issued separate paychecks for each location. Defendant tracked time separately for each business and manipulated payroll records to make it appear that Plaintiff had not worked more than 40 hours in a week at either location, even when his combined hours clearly exceeded that threshold.

Plaintiff seeks unpaid wages, liquidated damages, attorneys' fees, and costs as provided under the FLSA.

(9)    The following is the defendant's brief and succinct outline of the case and contentions:

Plaintiff seeks alleged unpaid overtime wages from Defendant The Kiet Ngo instead of from the two businesses at which he worked. Plaintiff worked at two restaurants owned by Mr. Ngo – Georgia Seafood 6AE, LLC and James Seafood, LLC – and attempts to conflate the hours worked at both businesses to justify overtime pay. At all times relevant hereto, the two businesses have been distinct legal entities, each with their own registration with the Georgia Secretary of State, Employer Identification Number, separate locations, separate owners,

and separate assets. Plaintiff has not alleged or presented any evidence that the corporate veil should be pierced to hold Mr. Ngo or his two businesses accountable for each others' acts or omissions. Contrary to Plaintiff's claims that Mr. Ngo assigned Plaintiff to work at two restaurants to avoid cumulating overtime hours, Plaintiff was the one who sought such arrangement.

Specifically, Plaintiff worked for Georgia Seafood during three periods of time, from October 21, 2019 through March 15, 2020, September 2020 through September 20, 2020, and August 30, 20201 through February 20, 2022. He was paid on an hourly basis starting at $10.00 an hour and earned up to $15.00 hourly. During the last five weeks of his employment from February 21, 2022 to March 27, 2022, Plaintiff was promoted to a head cook and received a salary as reflected on his payment statements.

Furthermore, Plaintiff worked at James Seafood from August 16, 2021 through February 20, 2022, and was initially paid $11.00 an hour and up to $15.00 hourly. There were some weeks Plaintiff did not work at James Seafood.

Plaintiff was usually paid by check. However, Plaintiff sometimes requested advanced payments that were made by Zelle transfers or cash. Sometimes Plaintiff took cash from the cash register to pay himself in advance. Some of those payments are reflected in the parties' text messages.

Defendant asserts that no overtime payment is owed to Plaintiff for his employment at James Seafood as he never worked more than 40 hours a week. With regards to Georgia Seafood, Mr. Ngo was not the manager or individual in charge of

payroll for that business from May 2019 through January 2020. Rather Mr. Ngo's partner, Mr. Dustin Dinh, was the one who determined Plaintiff's compensation. Any liability for alleged unpaid wages during that period should not be imputed on Mr. Ngo because he was not involved or aware of Plaintiff's wages. Any unpaid overtime after January 2020 would be de minimis and not done intentionally. There is no evidence of any retaliation by Mr. Ngo against Plaintiff.

(10) The issues for determination by the fact finder are as follows: (a) the number of hours that Plaintiff worked each week; (b) whether Defendant failed to pay Plaintiff one and one-half times his regular hourly rate for hours worked over 40 in a workweek; (c) whether James Seafood, LLC, and Georgia Seafood 6AE, LLC, are one economic enterprise under Defendant's unified control, such that the hours worked at both should be aggregated for overtime purposes; (d) the amount of damages owed to Plaintiff; and (e) whether Defendant's actions amount to a willful violation of the FLSA.

(11) If a tort action, specifications of negligence, including applicable code sections are as follows: N/A.

(12) If a contract action, the terms of the contract are as follows: N/A.

(13) The types of damages and the applicable measure of those damages are as follows:

    (a) Plaintiff: Unpaid overtime compensation for all hours worked over

forty (40) in a workweek that were not compensated at the legally required overtime rate of one and one-half times the regular rate. The applicable measure is the number of overtime hours worked each week multiplied by 1.5 times Plaintiff's regular hourly rate, minus any compensation already received.

Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks liquidated damages equal to the amount of unpaid wages and overtime compensation due, unless Defendant establishes that its actions were taken in good faith and with reasonable grounds to believe it was not violating the FLSA.

Plaintiff seeks recovery of reasonable attorneys' fees and costs incurred in pursuing this action, as mandated by the FLSA under 29 U.S.C. § 216(b).

(b) Defendant: Defendant asserts that there is no overtime compensation owed to Plaintiff for his employment at James Seafood. With regards to Plaintiff's employment at Georgia Seafood, Defendant is not liable for any unpaid overtime prior to January 2020 as he was not in charge of payroll during that period. If any overtime is owed to Plaintiff after January 2020, the alleged non-payments were not intentional and the amount is de minimis.

Starting February 2022 through March 2022, Plaintiff was promoted to a managerial position where he was not required to clock in and out, and therefore, was an exempt overtime employee under 29 U.S.C. § 213(a)(1).

Plaintiff is not entitled to an award of liquidated damages or attorney's fees because Defendant's alleged acts or omissions were done in good faith and any amount

owed is de minimis.

(14) All material undisputed facts established by the pleadings, depositions, or admissions of the parties are attached as Addendum A, and are signed by counsel, and will be submitted to the jury at the beginning of the trial.

(15) Pursuant to the court's usual practice, pleadings will not be submitted to the jury.

(16) Special authorities relied upon by plaintiff relating to peculiar legal questions are as follows: None.

(17) Special authorities relied upon by defendant relating to peculiar legal questions are as follows:

18. The following are lists of witnesses the:

(a) Plaintiff will have present at trial: Tyrese Bryant.

(b) Plaintiff may have present at trial: Diana Bryant.

(c) Defendant will have present at trial: James Ngo (a/k/a The Kiet Ngo)

(d) Defendant may have present at trial:

- Dustin Dinh (former partner of Georgia Seafood)
- Nga Dang (accountant for the businesses)
- Tri Huynh (Plaintiff's former co-worker at the businesses)
- Dat Nguyen (Plaintiff's former co-worker at the businesses)

19. The following depositions and hearing testimony may be used at trial:

    (a) By the Plaintiff: None.

(b) By the Defendant: None.

20. The parties' proposed voir dire questions, jury charges, and verdict form are attached hereto as addendums. N/A.

21. The possibilities of settling the case are optimistic.

22. A jury of twelve will be selected and all jurors shall participate in the verdict unless excused by the Court.

23. Other matters: Upon reviewing the pleadings and conferring, the parties note that neither side requested a jury trial. Accordingly, the parties have agreed that this matter will proceed as a bench trial before the Court.

Submitted by:

Counsel for Plaintiff: */s/ Sean Short*

Counsel for Defendant: */s/ Quynh Nga T. Tran*

It is hereby ORDERED that the foregoing, including the attachments thereto, constitute the pretrial order in the above case and supersede the pleadings which may not be further amended except by order of the Court to prevent manifest injustice.

This 30 day of June, 2025.

TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT